[Cite as *State v. Dixon*, 2024-Ohio-5078.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240074 |
| | | TRIAL NO. 23CRB-11221 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| KEITH DIXON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 23, 2024

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Monica Windholtz*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Lora Peters*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Presiding Judge.**

{¶1} Defendant-appellant Keith Dixon appeals his conviction for theft, asserting that his conviction was not supported by sufficient evidence and was against the weight of the evidence. Though there was no direct evidence that Dixon stole an audio cable, we affirm the trial court's judgment. The circumstantial evidence established that the store manager handed Dixon the cable, the manager heard packaging opening, and the manager later found the cable's packaging opened with the cable missing.

## I. Facts and Procedure

### A. Facts

{¶2} The manager of an Ace Hardware store testified that in June 2023, he interacted with Dixon at the store. The manager approached Dixon and asked if he needed assistance. Dixon asked for an audio cable, and the manager led him to the cable in the store. After the manager handed Dixon the cable in its packaging, the two discussed the cable briefly, and then Dixon walked away with the cable. The manager went to the front of the store behind the checkout register. Soon after, Dixon approached the manager at the register to purchase spray paint. The manager asked if Dixon still needed the audio cable, and Dixon stated that he had put the cable back.

{¶3} The manager testified that, at this point, he did not believe Dixon because the manager previously heard Dixon in an aisle and "some shuffling" of what the manager believed to be the cable's packaging. The manager said that while the store played music over the store speakers, he could still hear the package rattle over the sound of the music.

{**¶4**}    After Dixon left the store, the manager went to the aisle in which he had heard the shuffling and found empty packaging that matched the cable he had handed to Dixon. The manager checked the store's inventory control system and learned that the store only had one of the cables in stock. The manager checked the aisle where the cable would have been located and found that the cable was missing.

{**¶5**}    The manager reviewed security footage from the store and did not see footage of Dixon putting the cable down. The manager testified that there were other customers in the store at the time of the alleged theft.

## B. Procedural history

{**¶6**}    The State charged Dixon with theft in violation of R.C. 2913.02(A)(1). The trial court held a bench trial and found Dixon guilty. The court imposed a $200 fine and court costs. It stayed the sentence pending appeal.

## II.    Law and Analysis

{**¶7**}    In his sole assignment of error, Dixon challenges his conviction on weight and sufficiency grounds.

## A. Standard of review

{**¶8**}    While Dixon raises weight and sufficiency challenges to his conviction in one assignment of error, these are separate legal concepts. *State v. Henderson*, 2024-Ohio-2312, ¶ 23 (1st Dist.).

{**¶9**}    A sufficiency-of-the-evidence challenge asks whether the State presented adequate evidence to establish each element of the offense. *State v. Hurt*, 2024-Ohio-3115, ¶ 84 (1st Dist.). "Viewing the evidence in the light most favorable to the state, appellate courts ascertain whether reasonable fact finders could have determined that the state proved each element of the offense beyond a reasonable

doubt." *Henderson* at ¶ 24. In reviewing a conviction on sufficiency grounds, we may not weigh the evidence. *Hurt* at ¶ 84. When evidence is susceptible to more than one interpretation, we are required to adopt the interpretation consistent with the trial court's judgment. *Id.*

{¶10} A challenge to the manifest weight of the evidence, on the other hand, asserts that the State failed to carry its burden of persuasion at trial. *Id.* at ¶ 95. This court sits as a "thirteenth juror" and independently reviews the record, considers the credibility of the witnesses, and asks whether the fact finder "clearly lost its way and created a manifest miscarriage of justice." *State v. Powell*, 2020-Ohio-4283, ¶ 16 (1st Dist.). Reversal on this basis is reserved for exceptional cases in which the fact finder "overlooked compelling evidence that weighed against conviction." *State v. Kendrick*, 2023-Ohio-1763, ¶ 16 (1st Dist.).

## B. Theft, R.C. 2913.02(A)

{¶11} To convict Dixon of theft, the State had to prove beyond a reasonable doubt that Dixon, (1) with purpose to deprive the owner of property, (2) knowingly obtained or exerted control over the property, (3) without the owner's consent. R.C. 2913.02(A)(1); *see Henderson,* 2024-Ohio-2312, at ¶ 25 (1st Dist.). "A person acts purposely when it is the person's specific intention to cause a certain result." R.C. 2901.22(A). One's purpose can be inferred from circumstantial evidence. *Henderson* at ¶ 26. Relevant here, "deprive" means to withhold another's property permanently. R.C. 2913.01(C).

{¶12} The State presented sufficient evidence to convict Dixon of theft. The manager testified that the store had in stock only one of the cables that he handed to Dixon. The manager handed the cable to Dixon, heard "shuffling," and later found

empty packaging for the same type of cable. The manager confirmed that the cable was not in its spot on the store's shelves. Dixon did not purchase the cable, and the manager did not consent to Dixon's taking it.

{¶13} Dixon primarily argues that the evidence supporting his conviction is circumstantial and the evidence was otherwise unpersuasive. Dixon's arguments are therefore better suited for a manifest-weight argument.

{¶14} A defendant may be convicted based on circumstantial evidence. *State v. Nicely*, 39 Ohio St.3d 147, 151 (1988). Circumstantial evidence is equally as probative as direct evidence. *Id.*

{¶15} In support of his argument, Dixon points out that (1) there were other people in the store who could have taken the cable, (2) the manager testified to hearing packaging being opened despite the store playing music over the loudspeakers, and (3) Dixon could have put the package down at some point not shown in the limited surveillance footage provided by the manager.

{¶16} While there were other people in the store, the manager handed the cable to Dixon and shortly after that, the cable was missing from the packaging. It was reasonable to conclude that Dixon, rather than another store patron, removed it. Though the manager stated that Dixon told him that he had put the cable back, the trier of fact was permitted to assess Dixon's statement and find it not credible. *See State v. Higgins*, 2022-Ohio-2754, ¶ 13 (1st Dist.) ("the determination of witnesses' credibility and the resolution of conflicts in the evidence are matters for the trier of facts.").

{¶17} The manager also specifically testified that he could hear the package opening over the music. There was no indication that the music was particularly loud,

and the manager testified that he was familiar with the sound of packages opening due to his job. Finally, the manager testified that he reviewed all of the surveillance footage and never saw Dixon put down the package.

**{¶18}** We hold that Dixon's conviction is not against the weight of evidence as the trial court did not "overlook[] compelling evidence that weighed against conviction." *See Kendrick*, 2023-Ohio-1763, at ¶ 16 (1st Dist.).

**{¶19}** We overrule Dixon's assignment of error.

### III. Conclusion

**{¶20}** For the foregoing reasons, we overrule Dixon's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CROUSE** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.